# EXHIBIT 1

| | |
|---|---|
| **From:** | Michael Vaska <mike.vaska@foster.com> |
| **Sent:** | Thursday, July 11, 2019 11:53 AM |
| **To:** | 'tschierling@swsslaw.com'; 'dgardenswartz@swsslaw.com' |
| **Cc:** | Solish, Jonathan |
| **Subject:** | Proposed Remand Stipulation |

Tanya and Dan

I look forward to seeing you tomorrow.  In thinking about what a remand might look like, we would like Monster Energy to consider stipulating to the following to provide for an efficient conclusion of this matter.  Let me know if you'd like to discuss, and if your client would agree.  Thanks much.

Mike Vaska

Here's the proposed language.

In the event the Ninth Circuit remands this action to the District Court to vacates the arbitrator's award and for a new hearing, Olympic Eagle and Monster Energy agree as follows:

1) The new arbitration hearing will be based on existing discovery and testimony, including depositions and hearing testimony, and no new discovery of the parties or of non-parties will be permitted.  Damages experts are permitted to update their reports to reflect the passage of time or on other publicly available information.  The arbitrator shall conduct a hearing on the basis of the existing record and damage reports update with oral argument but no additional fact witness testimony.
2) The arbitration will be administered by JAMS but the parties will, pursuant to JAMS Comprehensive Arbitration Rules & Procedures, Rule 15(a) and (b), select a neutral arbitrator who has no current  affiliation or former affiliation with the company.   If the parties are unable to agree on an arbitrator, they will each submit the names of three potential arbitrators to the JAMS administrator who will select the single arbitrator.